## Shelby v. Grabble.

### (Decided October 15, 1915.)

## Appeal from Ballard Circuit Court.

1. Bills and Notes—Action on Promissory Note—Plea of Non Est Factum and no Consideration—Evidence—Sufficiency.—Where, in an action on a promissory note, the defense is a plea of non est factum and no consideration, evidence examined and held sufficient to sustain a verdict in favor of plaintiff.

2. Evidence—Primary and Secondary Evidence—Objections and Exceptions—Production of Primary Evidence.—Objection and exception to secondary evidence must be made at the time the evidence is offered, or it will be too late. and where the primary evidence is not at the place of trial but in a neighboring town, it is not error to refuse to order the production of this evidence after the witness has given secondary evidence without objection and the production of the evidence will probably necessitate a delay in or postponement of the trial.

3. Evidence—Witnesses—Impeachment.—Where, in an action on a promissory note, defendant testified that plaintiff never had at any time loaned him a single dollar, a check drawn to defendant, which plaintiff testified was delivered to defendant and was for money loaned, and which was charged to plaintiff's account in bank, though not a part of the loan in suit, was competent for the purpose of impeachment, and, being so limited by the admonition of the court, was properly admitted.

J. B. WICKLIFFE and EATON & BOYD for appellant.

HENDRICK & NICHOLS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

This is a suit on a note for $850, dated March 1st, 1912, and payable, twelve months after date, to the order of J. C. Grabble, purporting to have been signed and executed by A. M. Shelby. Shelby interposed a plea of *non est factum* and want of consideration. Plaintiff, J. C. Grabble, recovered a verdict and judgment for $837.50, with interest from the date of the note. Shelby appeals.

It is first insisted that the verdict is flagrantly against the evidence. Plaintiff testified, in substance, that he and the defendant had had various business transactions. On October 14th, 1911, he loaned the defendant $350. In January, or February, 1912, he loaned the defendant $185. Later on in the month of February he loaned the defendant $235. The defendant was also indebted to him for certain fee bills. Finally he and the defendant made a settlement, whereby it was agreed that the amount due, including certain interest and fee bills, was $850. Thereupon plaintiff drew up the note for $850 and, on meeting the defendant, the latter signed the note in the presence of plaintiff and John Nichols. John Nichols testifies that he was present when the note was signed. It further appears from the evidence for plaintiff that he was a constable at the time and was also engaged in repairing machinery, from which he derived some income. On cross-examination, it was sought to show that plaintiff did not have sufficient money to make the loan. Plaintiff stated that he had some money in bank. In this statement he was corroborated by Mr. Lovelace, the cashier of the bank at LaCenter. On the other hand, defendant testified that he never signed the note in question and that plaintiff never loaned him a dollar in his life. While there are a number of circumstances which tend to sustain the contention of plaintiff, there are also certain circumstances which tend to support the contention of the defendant. After all, it is a case where plaintiff and his witnesses testify to one state of facts and defendant and his witnesses to another state of facts. That being true, it cannot be said that the verdict of the jury is flagrantly against the evidence, and we are not at liberty, therefore, to substitute our judgment for that of the jury, which is the tribunal fixed by law, in this character of cases. for settling disputed questions of fact.

In testifying to the amount of money which plaintiff had in bank, Mr. Lovelace, the cashier of the bank at LaCenter, testified from a memorandum. Defendant interposed no objection to this testimony. After the witness had testified at considerable length on cross-examination and had concluded his testimony, the defendant objected to his testimony and asked that he be required to produce the books of the bank. The objection and motion to produce the books were overruled. Defendant claims that this was error. As the defendant sought, on

cross-examination of plaintiff, to show that plaintiff did not have the means with which to make the loan in question, and as plaintiff stated that he had a sum of money in the bank at LaCenter, the evidence of the cashier of that bank that he had a large sum on deposit, at or about the time the loan was made, was certainly competent. If defendant desired to have the books showing plaintiff's account produced and to object to the cashier's evidence on the ground that it was secondary evidence, he should have objected and excepted at the time and asked for the production of the books. Where a witness testifies from memory, or a memorandum, and no objection, based on the character of the evidence, is made at the time, it is too late to object after his testimony has been completed; and where, as in this instance, the books are not in the town where the trial takes place but in a neighboring town, it is not error, after the witness has completed his testimony without objection, to refuse to order the production of the books when this will probably necessitate a delay in or postponement of the trial.

Another error relied on is the introduction by plaintiff of a check for $40, drawn to the order of defendant and which plaintiff says that he delivered to defendant, and which plaintiff also testifies was charged to his account in bank and represented money which he had loaned to defendant. The objection to this testimony is based on the fact that the $40 covered by the check was not a part of the loan represented by the note. Inasmuch, however, as defendant testified that plaintiff never at any time loaned him a single dollar, the evidence was competent for the purpose of impeachment and, being so limited by the admonition of the court, was properly admitted.

The instructions are not subject to complaint. They authorize a verdict for the plaintiff only in the event defendant executed and delivered the note and there was a valuable consideration therefor.

Judgment affirmed.